UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

SIMON GORIS,

                Plaintiff,

    -against-

DENNIS BRESLIN; DR. THEBAU, et al.;
DR. HAIDERSHAH; DR. BUSWELL;
DR. LESTER N. WRIGHT,

                Defendants.
_____X

**REPORT AND RECOMMENDATION**

04-CV-5666 (CBA)(LB)

BLOOM, United States Magistrate Judge:

    Plaintiff brings this *pro se* action alleging that defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to provide him with proper medical treatment when he suffered a knee injury on February 12, 2003 while playing basketball at Arthur Kill Correctional Facility ("Arthur Kill"). On July 1, 2005, plaintiff filed a Motion for a Preliminary Injunction ("Mot."), which was referred to me by order dated July 7, 2005. On October 4, 2005, defendants filed a Motion to Dismiss the Complaint ("Def. Mot."), which was likewise referred to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that plaintiff's Motion for a Preliminary Injunction should be denied, defendants' Motion to Dismiss the Complaint should be granted in part and denied in part, and the case should be transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1604(a).

## BACKGROUND

Plaintiff's complaint alleges that the basketball court at Arthur Kill was poorly maintained and that he injured his leg after "falling into" a hole in the floor. Compl. ¶ IV. Plaintiff alleges that he was seen by Dr. Thebaud[1] at Arthur Kill who found no "medical issue." Id. Plaintiff alleges that after his fall, he complained about pain in his right knee, and that "several months later," he was taken to Staten Island University Hospital for a Magnetic Resonance Image ("MRI"). Id. Plaintiff alleges that the MRI revealed that he suffered a lateral meniscus tear and torn ligaments in and around his right knee requiring surgery. Id. Plaintiff alleges that Dr. Thebaud prescribed a course of therapy as opposed to surgery, and upon completion of therapy, plaintiff "continued to have uncontrollable pain." Id. Plaintiff further alleges that staff at Arthur Kill neglected to transport him for a scheduled appointment with a specialist at an outside hospital. Id.

In August 2004, plaintiff was transferred to Marcy Correctional Facility ("Marcy"), where plaintiff alleges that Dr. Haider-shah[2] and nurse Buswell[3] denied his repeated requests for surgery on his knee. Id. Plaintiff alleges that he refused the medication the doctors prescribed to him instead of surgery, on account of his "phobia of continued medication use and the effect on plaintiff's vital organs." Id. Plaintiff alleges that he wrote to Dr. Lester Wright, Chief Medical Officer of the Department of Correctional Services in Albany, New York, about his medical

---

[1] Plaintiff refers to this defendant as Dr. Thebau in his pleadings; however, counsel for defendants informs the Court that the defendant's last name is Thebaud. See Def. Mem. at 1 n.1.

[2] Plaintiff refers to this defendant as Dr. Haidershah in his pleadings; however, counsel for defendants informs the Court that the defendant's last name is Haider-shah. Def. Mem. at 1 n.3.

[3] Plaintiff refers to this defendant as Dr. Buswell; however, counsel for defendants informs the Court that the defendant is in fact a nurse. Def. Mem. at 1 n.2.

condition, but that Dr. Wright "failed and denied to a[c]knowledge the issue." Id.

Plaintiff seeks a Court order directing the Department of Correctional Services to perform surgery and rehabilitation on his right knee and requests damages of $44,000,000. Am. Compl. ¶ V. Plaintiff's Motion for a Preliminary Injunction requests a "court appointed medical specialist orthopedist ... to perform an examination and review all medical records in order to lay foundation of claim." Mot. at 1. Plaintiff also requests me to recuse myself and requests that Jonathan Saul, Assistant Attorney General of Counsel, "explain why he has not answered discovery material, nor answered the summons for the last six (6) months." Id. at 2.

Defendants oppose plaintiff's motion for a preliminary injunction. In addition, defendants move to dismiss plaintiff's complaint or, in the alternative, to transfer plaintiff's complaint to the United States District Court for the Northern District of New York.

## DISCUSSION

A. <u>Motion to Recuse</u>

Plaintiff's motion to recuse is denied as it is without merit. I have never been employed by the City of New York in any capacity. Moreover, under 28 U.S.C. § 455(a) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See Liteky v. United States, 510 U.S. 540, 555 (1994). Although the reach of § 455 is broad, it has significant limits. Thus, Second Circuit cases state that "[d]isqualification is not required on the basis of remote, contingent, indirect or speculative interests." Diamondstone v. Macaluso, 148 F.3d 113, 121 (2d Cir. 1998) (quoting United States v. Thompson, 76 F.3d 442, 451 (2d Cir.

1996)) (internal quotation marks omitted). There is no basis for plaintiff's recusal motion. Accordingly, it is denied.

B. Motion for a Preliminary Injunction

The standard for injunctive relief in the Second Circuit calls for a showing of, "first, irreparable injury, and, second, either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships decidedly tipped in the movant's favor." Green Party of New York State v. New York State Bd. of Elections, 389 F.3d 411, 419 (2d Cir. 2004) (citing Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir.1979)). To establish irreparable harm, the movant must demonstrate that he "will suffer 'an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 97 (2d Cir. 2005) (quoting Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995)).

Plaintiff's motion does not meet the standard for injunctive relief. Plaintiff alleges that he is currently receiving medical care, albeit a course of treatment he does not find ideal. His request for a medical expert to "lay [a] foundation" for this claim, Mot. at 1, is not a proper basis for relief. Plaintiff has not established either irreparable harm or the likelihood of success on the merits. Accordingly, it is recommended that Plaintiff's motion should be denied. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106-07 (1976) (while medical care received by a prisoner must be adequate, a prisoner is not entitled to receive medical treatment by every medical alternative); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (difference of opinion between a prisoner and his doctors regarding medical treatment does not rise to the level of a constitutional

violation).

C. Defendants' Motion to Dismiss

1. Standard of Review

A court should only dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint that would entitle the plaintiff to relief. See, e.g., Strougo v. Bassini, 282 F.3d 162, 167 (2d Cir. 2002); King v. Simpson, 189 F.3d 284, 286-87 (2d Cir. 1999). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See, e.g., Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999); Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). The issue is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. See, e.g., Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995), cert. denied, 519 U.S. 808 (1996). The Court must "confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)); Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

2. Lack of Personal Involvement

Defendants move to dismiss plaintiff's claims against defendants Breslin and Wright for lack of personal involvement. See Def. Mot. at 22-23. To state a cognizable claim under § 1983, a plaintiff must allege that he was deprived of his rights secured under the Constitution and laws of the United States by a defendant acting under color of a state "statute, ordinance, regulation,

custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Dwares v. City of New York, 985 F.2d 94, 97 (2d Cir. 1993). It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted).

Apart from conclusorily alleging that the defendant warden, Breslin, "neglected to fix [the] apertures" in the floor of the basketball court at Arthur Kill,[4] Am. Compl. ¶ IV, plaintiff does not allege that Breslin was personally involved in causing his injury or denying him adequate medical treatment. As such, it is recommended that defendants' motion to dismiss plaintiff's § 1983 claim against defendant Breslin should be granted as plaintiff's complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A(b)(1).

Defendants argue that plaintiff "attempts to establish the personal involvement of Dr. Wright in his deliberate indifference claim by alleging that he wrote Dr. Wright a letter which Dr. Wright 'failed ... to acknowledge' ... ." Def. Mot. at 23. Defendants claim that this allegation is insufficient to establish personal involvement for purposes of § 1983, citing Johnson v. Wright, 234 F. Supp. 2d 352 (S.D.N.Y. 2002), as an authority. Id. While upholding the proposition that "a mere letter to an official" does not "impose supervisory liability," the court in Johnson also held that "[p]ersonal involvement will be found ... where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint."

---

[4]Inadvertent and negligent conduct that causes injury, does not support an action pursuant to 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 336 (1986). See also Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("Due Process clause of the Fourteenth Amendment is not implicated by lack of due care of an official causing unintended injury to life, liberty or property").

6

Johnson, 234 F. Supp. 2d at 363. Plaintiff here alleges that Dr. Wright answered his letter "with a polite smatter, just pushing plaintiff's pain and suffering under the rug." Plaintiff's Motion and Memorandum of Law in response to defendants' motion to dismiss filed August 31, 2005, at 2. Plaintiff also alleges that Dr. Wright is responsible for "substandard policies and procedure" and "lack of training in the ... New York State Department of Correctional Services dealing with medical issues ... ." Plaintiff's Affirmation in response to defendants' motion to dismiss filed September 13, 2005, ¶ 3. These allegations that Dr. Wright had notice of plaintiff's particular circumstances must be accepted as true by the Court for purposes of a motion to dismiss. See Johnson. 234 F. Supp. 2d at 364 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). Accordingly, it is recommended that defendants' motion to dismiss Dr. Wright at this juncture for no personal involvement should be denied without prejudice.

3. Medical Treatment Claims

Defendants move to dismiss plaintiff's allegations of inadequate medical care for failure to state a claim. At this nascent stage, without the benefit of discovery, plaintiff "is entitled to offer evidence to support [his] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, defendants' motion to dismiss plaintiff's complaint on this ground is premature and should be denied. See Courtenay Communications Corp. v. Hall, 334 F.3d 210, 217 (2d Cir. 2003) (vacating the district court's granting of a motion to dismiss as key determination was premature and turned on questions of fact); Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 793 (2d Cir. 2002) (ruling on qualified immunity defense was premature where issue "turns on factual questions that cannot be resolved at [the motion to dismiss stage]"); Cortese v. Edge Solution, Inc., No. 04-CV-0956 (DRH/ARL), 2005 WL 1804472, at *6 (E.D.N.Y. July 28, 2005)

(denying defendant's premature motion to dismiss, as plaintiff's "allegations must be accepted as true on a motion to dismiss"); Allojet PLC v. Vantage Assocs., No. 04 Civ. 5223 (SAS), 2005 WL 612848, at *10 (S.D.N.Y. Mar. 15, 2005) (motion to dismiss denied as it would be "premature to dismiss on the basis of defendants' factual presentation").

D. <u>Defendants' Motion to Transfer</u>

In the alternative, defendants move to transfer plaintiff's claims to the United States District Court for the Northern District of New York. Under 28 U.S.C. § 1391(b), a § 1983 action may:

> [B]e brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff complains of conduct at both Arthur Kill and Marcy Correctional Facilities. Thus, venue is arguably proper in both districts.[5] Although plaintiff was injured at Arthur Kill and allegedly received inadequate medical treatment at that facility, a substantial part of the events or omissions giving rise to plaintiff's claims occurred at Marcy, which is in Oneida County within the Northern District of New York. 28 U.S.C. § 112(a). Moreover, defendants Haider-shah, Buswell, and Wright are all located in the Northern District. Therefore, under 28 U.S.C. § 1391(b) and in the interest of justice, it is recommended that this case should be transferred to the United States District Court for the Northern District of New York. 28 U.S.C. § 1406(a).

---

[5]Defendants assert that venue is proper in either the Southern or Northern District. Def. Mem. at 29. However, Arthur Kill is located in Richmond County, which is in the Eastern, not the Southern District of New York, as defendants claim. See Def. Mem. at 29.

## CONCLUSION

For the reasons set forth above, it is recommended that: plaintiff's Motion for a Preliminary Injunction should be denied; defendants' Motion to Dismiss the Complaint should be granted in part, dismissing plaintiff's claims against defendant Dennis Breslin; and the action should be transferred to the United States District Court for the Northern District of New York.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002) (holding that failure to object to a magistrate judge's decision or recommendation generally forfeits the right to present those objections for appellate review); Small v. Sec'y of Health and Human Servs., 892 F.3d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: December 30, 2005
Brooklyn, New York

9

Copies to:

HONORABLE CAROL B. AMON
United States District Judge

SIMON GORIS, Pro Se Plaintiff
#99R2459
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-0500

JONATHAN SAUL
Assistant Attorney General of Counsel
Office of the New York State Attorney General
120 Broadway
New York, NY 10271