UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SIMON GORIS,

                Plaintiff,

         -against-

DENNIS BRESLIN; DR. THEBEAU, et al.;
DR. HAIDERSHAH; DR. BUSWELL;
DR. LESTER N. WRIGHT,

                Defendant.

-------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
04-CV-5666 (CBA)

AMON, UNITED STATES DISTRICT JUDGE

      Plaintiff Simon Goris, *pro se*, alleges that the defendants violated his civil rights by failing to provide him with proper medical treatment. Goris has filed a motion for a preliminary injunction. The defendants have filed a motion to dismiss. This Court referred both motions to the Honorable Lois J. Bloom, United States Magistrate Judge, for preparation of a Report and Recommendation. This Court has received Magistrate Judge Bloom's report, and objections thereto by Goris. Upon reviewing the Report and Recommendation, Goris's objections thereto, and the parties' other submissions, the Court concludes that it should adopt the Report and Recommendation in part and reject it in part.

      **I.     Claims Against Breslin**

      Magistrate Judge Bloom has recommended that the Court dismiss Goris's claim against defendant Breslin on the ground that Goris's complaint fails to allege that Breslin was personally involved in causing Goris's injury or denying him adequate medical treatment. In order to

1

establish a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional deprivations. Provost v. City of Newburg, 262 F.3d 146, 154 (2d Cir. 2001). A supervisory official may be said to be "personally involved" for purposes of a § 1983 claim if he or she "(1) directly participated in the [constitutional] violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation." Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997). In this case, Goris's amended complaint alleges merely that "defendant Dennis Breslin neglected to fix" the holes in the gymnasium floor by which Goris was injured. (Am. Comp. ¶ IV.) This allegation is insufficient to establish Breslin's personal involvement in the alleged deprivation of Goris's constitutional rights because it does not suggest that Breslin directly participated in a violation of Goris's rights, knew of and failed to remedy any violation of Goris's rights, created any custom or policy, or was grossly negligent in supervising subordinates who caused a violation of Goris's rights. Therefore, the Court agrees with Magistrate Judge Bloom's conclusion that Goris's claim against Breslin must be dismissed.

Moreover, Goris's allegation essentially is that Breslin was negligent in failing to repair the gymnasium floor. Mere negligence, however, does not suffice to establish a violation of the Eighth Amendment. Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996). Instead, a plaintiff inmate must establish that the defendants acted with "deliberate indifference" to the inmate's safety. Id. Deliberate indifference is established by showing (1) that the plaintiff is incarcerated "under conditions posing a substantial risk of serious harm" and

(2) that the "defendant prison officials possessed sufficient culpable intent." Id. An official's culpable intent may be established by showing that the official knows an inmate faces a substantial risk of serious harm and nevertheless fails to take reasonable measures to reduce that risk. Id. Goris's allegation that Breslin failed to repair the gymnasium floor plainly fails to meet that standard.

When dismissing a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a court ordinarily should grant the plaintiff leave to file an amended complaint pursuant to Rule 15(a), unless such an amended complaint would also inevitably be dismissed. See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) (directing district court's Rule 12(b)(6) dismissal of *pro se* complaint be without prejudice to filing amended complaint). Via an affirmation supplied in connection with his opposition to the defendants' motion to dismiss (apparently in lieu of a Rule 56.1 statement), Goris expanded upon the allegations in his complaint. The affirmation claims that "Dennis Breslin, superintendent, knowingly did not fix[] the holes that were embedded on the gymnasium floor." (Pl.'s Aff. ¶ 3, August 23, 2005.) The affirmation further claims that Breslin failed "to secure the faulty area" and that he "knowingly kept the gymnasium area unsafe." (Id.) These additional allegations suggest it is possible that Goris could plead an Eighth Amendment violation to which Breslin was personally involved under the criteria set forth above. Therefore, the Court's dismissal of Goris's claims is without prejudice to his moving to amend the complaint, should he be able to allege the factual basis for such a claim against Breslin. Any such motion must be filed within twenty days of the date of this order, and must set forth the factual basis for such additional allegations.

## II. Transfer of Venue

Magistrate Judge Bloom's Report and Recommendation recommends that this Court transfer Goris's claims to the United States District Court for the Northern District of New York. As Goris notes in his objections, the Report and Recommendation states that "venue is arguably proper in both" the Eastern and Northern Districts of New York. (See Pl.'s Objs. ¶ 12 (quoting Report and Recommendation 8, Dec. 30, 2005).) In addition, the defendants themselves have argued that venue would be proper in the district in which the Arthur Kill facility is located, which is the Eastern District of New York. (See Def.'s Mem. 29 ("Superintendent Breslin and Dr. Thebaud are employed at the Arthur Kill, thus, they reside in [the] Southern District. Under 1391(b)(1), venue would therefore be proper in either the Northern or Southern District."); Report and Recommendation 8 n.5 (noting Arthur Kill lies in Eastern, not Southern, District of New York).) Finally, the majority of the events relating to Goris's claims occurred at the Arthur Kill facility, which is in the Eastern District of New York. The Court therefore concludes that venue is proper in the Eastern District of New York, and declines to transfer the case.

## III. Motion for Appointment of Counsel

On October 27, 2005, Goris moved the Court for appointment of counsel.[1] The basis for the motion is Goris's dissatisfaction with the defendants' responses to interrogatories, requests for documents, and requests for admissions, which Goris alleges the defendants answered

---

[1] Goris's motion is titled an "Amended Motion for Appointment of Counsel Pursuant to Federal Rule of Civil Procedure 15(d)." (Motion for Counsel, Oct. 27, 2005.) However, the Court is unaware of any previous motion by Goris for appointment of counsel. Therefore, the Court treats Goris's Amended Motion as an initial motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

4

vaguely. The right to counsel that exists for defendants in criminal cases does not extend to civil cases. Bourdon v. Loughren, 386 F.3d 88, 96 (2d Cir. 2004) ("But the Sixth Amendment only applies to a defendant's trial and first appeal as of right, not to appeals afforded on a discretionary basis, collateral proceedings, or civil proceedings such as civil rights claims challenging prison conditions."). A court may nevertheless appoint counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel pursuant to that statute, a district court must first determine whether the *pro se* plaintiff's "position seems likely to be of substance." Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998). If the indigent plaintiff's case meets this threshold requirement, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Id. In this case, Goris has not presented any argument establishing a need for appointment of counsel other than the alleged inadequacy of the defendants' discovery responses. In addition, it does not appear that the major proof to be presented will implicate the need for cross examination or that the case presents complex legal issues. Therefore, the Court denies Goris's motion for appointment of counsel, without prejudice to reconsidering the motion should the factors set forth in Wenger later appear to balance in favor of appointment.

## IV. Conclusion

The Court hereby adopts the Report and Recommendation of Magistrate Judge Bloom as

the opinion of the Court, subject to the modifications set forth above and summarized here. Goris's motion for a preliminary injunction is denied. The defendants' motion to dismiss the complaint is granted with respect to the claims against Breslin but denied with respect to the other defendants. The dismissal of the claims against Breslin relating to the allegedly unsafe condition of the gymnasium floor is without prejudice to filing a motion to amend the complaint, should Goris be able to set forth a specific factual basis for a valid claim. Such a motion, if any is to be made, shall be made no later than twenty (20) days from the date of this Order. The Court also declines to transfer this case to another district. Finally, Goris's motion for appointment of counsel is denied.

    SO ORDERED

    Dated: Brooklyn, New York
         May 10, 2006

_____
Carol Bagley Amon
United States District Judge